PROB 12B
ED/AR (12/2012)

# United States District Court

## for the

## Eastern District of Arkansas

EASTERN DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JUL 21 2016
JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

### Request for Modifying the Conditions or Term of Supervision
### With Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: Cyril Fritch           Case Number: 4:16CR00155-001 JLH

Name of Sentencing Juridical Officer:   Honorable Oliver W. Wanger
                                        United States District Judge
                                        Eastern District of California

Name of Reassigned Judicial Officer:    Honorable J. Leon Holmes
                                        United States District Judge
                                        Eastern District of Arkansas
                                        (Jurisdiction accepted on July 6, 2016)

Original Offense:    Receipt or Distribution of Material Involving the Sexual Exploitation of Minors

Date of Sentence:    March 12, 2008

Original Sentence:   121 months Bureau of Prisons followed by 180 months supervised release

| Type of Supervision: | Supervised Release | Date Supervision Commenced: | March 29, 2016 |
|---|---|---|---|
| | | Date Supervision Expires: | March 28, 2031 |
| U. S. Probation Officer: Kristy L. Burton | Asst. U.S. Attorney: John Ray White | | Defense Attorney: To be appointed |

---

## PETITIONING THE COURT

☐ To extend the term of supervision for _____ year(s), for a total term of _____ years.
☒ To modify the conditions of supervision as follows:

**To remove the following conditions:**

1. As directed by the probation officer, the defendant shall participate in a program of mental health treatment (inpatient or outpatient).

2. As directed by the probation officer, the defendant shall participate in a co-payment plan for treatment or testing and shall make payment directly to the vendor under contract with the United States Probation Office of up to $25 per month.

3. The defendant shall not possess or use a computer or any other device that has access to any "on-line computer service". This includes any Internet service provider, bulletin board system, or any other public or private computer network.

Prob 12B - 2 - Request for Modifying the
Conditions or Term of Supervision
With Consent of the Offender

Name of Offender: Cyril Fritch                Case Number: 4:16CR00155-001 JLH

4. The defendant shall have no contact with children under the age of 18 unless approved by the probation officer in advance. The defendant is not to loiter within 100 feet of school yards, parks, playgrounds, arcades, or other places primarily used by children under the age of 18. This shall include that the defendant is not to engage in any occupation, either paid or volunteer, which exposes him to directly or indirectly with children under the age of 18.

5. The defendant shall consent to the probation officer and/or probation services representative conducting periodic unannounced examinations of (a) any computer, or (b) computer-related device, or (c) equipment that has an internal or external modem which is in the possession or control of the defendant. The defendant consents to retrieval and copying of all data from any such computer, computer-related device, or equipment as well as any internal or external peripherals to ensure compliance with conditions. The defendant consents to removal of such computer, computer-related device, and equipment for purposes of conducting a more thorough inspection and analysis.

6. The defendant consents to having installed on any computer, computer-related device, and equipment, at the defendant's expense, any hardware or software systems to monitor the use of such computer, computer-related device, and equipment at the direction of the probation officer, and agrees not to tamper with such hardware or software and not install or use any software programs designed to hide, alter, or delete his/her computer activities. The defendant consents to not installing new hardware without the prior approval of the probation officer.

7. The defendant shall not possess, own, use, view, read or frequent places with any sexually explicit material in any form that depicts children under the age of 18. Sexually explicit conduct is defined at 18 USC 2256(2) and means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) inscivious exhibition of the genitals or pubic area of any person under the age of 18.

8. The defendant shall provide all requested business/personal phone records to the probation officer. The defendant shall disclose to the probation officer any existing contracts with telephone line/cable service providers. The defendant shall provide the probation officer with written authorization to request a record of all outgoing or incoming phone calls from any service provider.

9. The defendant shall consent to third party disclosure to any employer or potential employer, concerning any computer-related restrictions that are imposed upon him/her. This includes any activities in which you are acting as a technician, advisor, or consultant with or without any monetary gain or other compensation.

10. The defendant shall attend, cooperate with, and actively participate in a sex offender treatment and therapy program (which may include, but is not limited to risk assessment, polygraph examinations, computer voice stress analysis (CVSA) and/or ABEL assessment) as approved and directed by the probation officer and as recommended by the assigned treatment provider.

**To add the following conditions:**

1. The probation office will provide state officials with all information required under any sexual predator and sexual offender notification and registration statutes and may direct the defendant to report to these

Case 4:16-cr-00155-JLH Document 2 Filed 07/21/16 Page 3 of 7

Prob 12B - 3 - Request for Modifying the
Conditions or Term of Supervision
With Consent of the Offender

Name of Offender: Cyril Fritch  Case Number: 4:16CR00155-001 JLH

agencies personally for required additional processing, such as an interview and assessment, photographing, fingerprinting, polygraph testing, and DNA collection.

2. The defendant will participate in sex offender treatment under the guidance and supervision of the probation office and abide by the rules, requirements, and conditions of the treatment program, including submitting to polygraph testing to aid in the treatment and supervision process. The defendant will pay for the cost of treatment, including polygraph sessions, at the rate of $10 per session, with the total cost not to exceed $40 per month, based on ability to pay as determined by the probation office. In the event the defendant is financially unable to pay for the cost of treatment, the co-pay requirement will be waived. Further, the defendant will abstain from the use of alcohol throughout the course of supervision and submit to testing.

3. The defendant will not purchase, possess, subscribe, view, listen to, or use any media forms containing pornographic images or sexually oriented materials including but not limited to written, audio, and visual depictions, such as pornographic books, magazines, literature, videos, CDs, DVDs, digital media, or photographs. This includes materials containing "sexually explicit conduct" as defined in 18 U.S.C. § 2256(2).

4. The defendant will not participate in online gaming. The defendant will not utilize or maintain any memberships or accounts of any social networking website or websites that allow minor children membership, a profile, an account, or webpage without approval of the probation office. This includes websites that explicitly prohibit access or use by sex offenders.

5. The defendant will agree to the installation of computer monitoring software and hardware approved by the probation office. The defendant will abide by all rules and requirements of the program and will consent to unannounced examinations of all computer equipment internal and external storage devices which may include retrieval and copying of all data from the computer(s) and any internal and external peripherals and/or removal of such equipment for the purpose of conducting a more thorough inspection by the probation office or probation service representative.

6. The defendant will have no direct contact with minors (under age 18) without written approval from the probation office and will refrain from entering into any area where children frequently congregate including, but not limited to, schools, daycare centers, theme parks, theaters, and playgrounds.

7. The defendant will submit their person and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to a search at any time, with or without a warrant, by any law enforcement or probation office with reasonable suspicion concerning a violation of a condition of probation or unlawful conduct by the person, and by any probation office in the lawful discharge of the office's supervision functions pursuant to 18 U.S.C. § 3583(d).

8. The defendant will participate in a mental health program under the guidance and supervision of the probation office. The defendant will pay for the cost of treatment at the rate of $10 per session, with the total cost not to exceed $40 per month, based on ability to pay as determined by the probation office. In the event the defendant is financially unable to pay for the cost of treatment, the co-pay requirement will be waived.

Prob 12B             - 4 -             Request for Modifying the
Conditions or Term of Supervision
With Consent of the Offender

Name of Offender: Cyril Fritch             Case Number: 4:16CR00155-001 JLH

## CAUSE

Mr. Fritch is requesting a modification to allow monitored computer and internet access. The U.S. Probation Office requests the conditions be modified to ensure Mr. Fritch is abiding by his computer and internet restrictions and to appropriately supervise him to minimize risks to himself and the community.

On July 13, 2016, Federal Public Defender Jenniffer Horan reviewed the waiver of hearing to modify conditions of supervised release with Mr. Fritch. After speaking with Ms. Horan, Mr. Fritch signed the attached waiver of hearing to modify conditions of supervision, agreeing to the modification.

_____
Kristy L. Burton
U.S. Probation Officer

Date: July 18, 2016

_____
John Ray White
Assistant U.S. Attorney

Date: 07/21/16

Approved by:

_____
Supervising U.S. Probation Officer

---

THE COURT ORDERS:

☐ No Action
☐ The Extension of Supervision as Noted Above
☑ The Modification of Conditions as Noted Above
☐ Other

_____
Honorable J. Leon Holmes
United States District Judge

July 21, 2016
Date

c: Cyril Fritch, 90 Buie Lane, Russellville, AR 72802
    Assistant Federal Public Defender, To be appointed
    Assistant U.S. Attorney, John Ray White

PROB 49
(3/89)

# United States District Court

## Eastern District of Arkansas

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the Court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

To remove the following conditions:

#1: As directed by the probation officer, the defendant shall participate in a program of mental health treatment (inpatient or outpatient).

#2: As directed by the probation officer, the defendant shall participate in a co-payment plan for treatment or testing and shall make payment directly to the vendor under contract with the United States Probation Office of up to $25 per month.

#3: The defendant shall not possess or use a computer or any other device that has access to any "on-line computer service". This includes any Internet service provider, bulletin board system, or any other public or private computer network.

#4: The defendant shall have no contact with children under the age of 18 unless approved by the probation officer in advance. The defendant is not to loiter within 100 feet of school yards, parks, playgrounds, arcades, or other places primarily used by children under the age of 18. This shall include that the defendant is not to engage in any occupation, either paid or volunteer, which exposes him to directly or indirectly with children under the age of 18.

#5: The defendant shall consent to the probation officer and/or probation services representative conducting periodic unannounced examinations of (a) any computer, or (b) computer-related device, or (c) equipment that has an internal or external modem which is in the possession or control of the defendant. The defendant consents to retrieval and copying of all data from any such computer, computer-related device, or equipment as well as any internal or external peripherals to ensure compliance with conditions. The defendant consents to removal of such computer, computer-related device, and equipment for purposes of conducting a more thorough inspection and analysis.

#6: The defendant consents to having installed on any computer, computer-related device, and equipment, at the defendant's expense, any hardware or software systems to monitor the use of such computer, computer-related device, and equipment at the direction of the probation officer, and agrees not to tamper with such hardware or software and not install or use any software programs designed to hide, alter, or delete his/her computer activities. The defendant consents to not installing new hardware without the prior approval of the probation officer.

#7: The defendant shall not possess, own, use, view, read or frequent places with any sexually explicit material in any form that depicts children under the age of 18. Sexually explicit conduct is defined at 18 USC 2256(2) and means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) inscivious exhibition of the genitals or pubic area of any person under the age of 18.

#8: The defendant shall provide all requested business/personal phone records to the probation officer. The defendant shall disclose to the probation officer any existing contracts with telephone line/cable service providers. The defendant shall provide the probation officer with written authorization to request a record of all outgoing or incoming phone calls from any service provider.

#9: The defendant shall consent to third party disclosure to any employer or potential employer, concerning any computer-related restrictions that are imposed upon him/her. This includes any activities in which you are acting as a technician, advisor, or consultant with or without any monetary gain or other compensation.

#10: The defendant shall attend, cooperate with, and actively participate in a sex offender treatment and therapy program (which may include, but is not limited to risk assessment, polygraph examinations, computer voice stress analysis (CVSA) and/or ABEL assessment) as approved and directed by the probation officer and as recommended by the assigned treatment provider.

To add the following conditions:

#1: The probation office will provide state officials with all information required under any sexual predator and sexual offender notification and registration statutes and may direct the defendant to report to these agencies personally for required additional processing, such as an interview and assessment, photographing, fingerprinting, polygraph testing, and DNA collection.

#2: The defendant will participate in sex offender treatment under the guidance and supervision of the probation office and abide by the rules, requirements, and conditions of the treatment program, including submitting to polygraph testing to aid in the treatment and supervision process. The defendant will pay for the cost of treatment, including polygraph sessions, at the rate of $10 per session, with the total cost not to exceed $40 per month, based on ability to pay as determined by the probation office. In the event the defendant is financially unable to pay for the cost of treatment, the co-pay requirement will be waived. Further, the defendant will abstain from the use of alcohol throughout the course of supervision and submit to testing.

#3: The defendant will not purchase, possess, subscribe, view, listen to, or use any media forms containing pornographic images or sexually oriented materials including but not limited to written, audio, and visual depictions, such as pornographic books, magazines, literature, videos, CDs, DVDs, digital media, or photographs. This includes materials containing "sexually explicit conduct" as defined in 18 U.S.C. § 2256(2).

#4: The defendant will not participate in online gaming. The defendant will not utilize or maintain any memberships or accounts of any social networking website or websites that allow minor children membership, a profile, an account, or webpage without approval of the probation office. This includes websites that explicitly prohibit access or use by sex offenders.

#5: The defendant will agree to the installation of computer monitoring software and hardware approved by the probation office. The defendant will abide by all rules and requirements of the program and will consent to unannounced examinations of all computer equipment internal and external storage devices which may include retrieval and copying of all data from the computer(s) and any internal and external peripherals and/or removal of such equipment for the purpose of conducting a more thorough inspection by the probation office or probation service representative.

#6: The defendant will have no direct contact with minors (under age 18) without written approval from the probation office and will refrain from entering into any area where children frequently congregate including, but not limited to, schools, daycare centers, theme parks, theaters, and playgrounds.

#7: The defendant will submit their person and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to a search at any time, with or without a warrant, by any law enforcement or probation office with reasonable suspicion concerning a violation of a condition of probation or unlawful conduct by the person, and by any probation office in the lawful discharge of the office's supervision functions pursuant to 18 U.S.C. § 3583(d).

#8: The defendant will participate in a mental health program under the guidance and supervision of the probation office. The defendant will pay for the cost of treatment at the rate of $10 per session, with the total cost not to exceed $40 per month, based on ability to pay as determined by the probation office. In the event the defendant is financially unable to pay for the cost of treatment, the co-pay requirement will be waived.

Witness _____ 7/14/16    Signed _____
(U.S. Probation Officer)                                           (Probationer or Supervised Releasee)

7-14-16
(Date)

FEDERAL DEFENDER