**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**UNITED STATES OF AMERICA**                                              **PLAINTIFF**

**v.**                          **Case No. 4:16-cr-00155 KGB**

**CYRIL FRITCH**                                                        **DEFENDANT**

**ORDER**

Defendant Cyril Fritch has filed a *pro se* motion for early termination of his term of supervised release (Dkt. No. 3). The government responded in opposition to Mr. Fritch's motion (Dkt. No. 10). Mr. Fritch filed a status request, reply, and waiver of Rule 32.1 hearing (Dkt. No. 11). For the following reasons, the Court denies Mr. Fritch's motion for early termination of his term of supervised release (Dkt. No. 3). The Court denies as moot his status request, reply, and waiver of Rule 32.1 hearing (Dkt. No. 11).

Pursuant to 18 U.S.C. § 3583(e), the Court may terminate a term of supervised release where, after consideration of the Federal Rules of Criminal Procedure and certain enumerated factors, the Court concludes that such action is warranted by the conduct of the defendant and is in the interest of justice. The Court acknowledges that Mr. Fritch appears to have complied with his conditions of supervised release to date, participated in appropriate treatment and testing, and settled into a stable environment with respect to housing, community, and employment. Of course, this Court expects compliance with the conditions of supervised release from every defendant who appears before the Court. Based on the information before the Court, the Court commends Mr. Fritch on his performance to date and encourages his progress in regard to the goals of supervision.

When evaluating Mr. Fritch's request, however, the Court also considers the nature of the crimes for which Mr. Fritch is currently on supervised release and his past criminal history. In this

case, Mr. Fritch pled guilty to receipt and distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2) (Dkt. No. 10, at 2).  At the time of sentencing, he received a 121-month term of imprisonment to be followed by a 15-year term of supervised release (*Id.*).  Here, Mr. Fritch's term of supervised release began on March 29, 2016.  Along with these considerations, the Court also weighs the fact that, at the time of sentencing, the sentencing court concluded that a term of supervised release of 15 years was sufficient but not greater than necessary to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a).  Based upon the information before the Court, the Court does not find evidence to show that circumstances have changed or that completion of Mr. Fritch's term of supervised release will present some unusual hardship.  *See United States v. Kattom*, Case No. 4:06cr00053-06-JLH, 2009 WL 3783783, at *1 (E.D. Ark. Nov. 10, 2009) (unpublished).

After careful consideration of all of the parties' filings, taking all of the facts into account and considering the factors set forth in Section 3553(a), the Court finds that early termination of Mr. Fritch's supervised release at this time is not in the interest of justice.  18 U.S.C. § 3583(e)(1).  Accordingly, the Court denies without prejudice Mr. Fritch's motion for early termination of supervised release and denies as moot his status request, reply, and waiver of Rule 32.1 hearing (Dkt. Nos. 3, 11).

It is so ordered, this the 9th day of October, 2020.

_Kristine G. Baker_
Kristine G. Baker
United States District Judge