IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 4:16-CR-155 KGB |
| ) | |
| CYRIL FRITCH ) | |

RESPONSE IN OPPOSITION TO TERMINATION OF SUPERVISED RELEASE

The United States of America by and through Jonathan D. Ross, United States Attorney for the Eastern District of Arkansas, and Alexander D. Morgan, Assistant United States Attorney, hereby responds in opposition to Defendant's motion for termination of supervised release.

Federal agents executed a search warrant at Defendant's home after an earlier investigation revealed he had exchanged child pornography over e-mail. On his computer they would find scores of images of prepubescent girls in sexually suggestive positions or engaged in sex acts with adults. Also located were various photographs of young children swimming and playing, which appeared to have been taken by Defendant himself. When interviewed at his home, Defendant disclaimed any sexual interest in minors but admitted having received child pornography in online chat rooms[1] and having been "kicked off" AOL several times.[2]

In September 2005, a federal Grand Jury indicted Defendant on one count of receiving and distributing child pornography and one count of possessing child pornography. He pled guilty to receiving and distributing child pornography in March 2008.

---

[1] Defendant professed to have visited the chat rooms in search of adult pornography. When asked why he visited chat rooms for such material given the ubiquity of websites with adult pornography, Defendant replied he did not know.

[2] Further investigation revealed AOL had terminated a total of six accounts linked to Defendant. Experts explained almost all of these incidents related to Defendant distributing illicit images.

Defendant's signed plea agreement acknowledged his offense involved receipt and distribution of "between 150 and 300 images of children engaged in sexually explicit conduct," including "minors engaged in sadistic or masochistic conduct" and images of prepubescent children under the age of 12. *See* Plea Agmt. ¶ 3(k)-(n).

The District Court imposed a 121-month prison term to be followed by a fifteen-year term of supervised release. In November 2014, before his term of supervised release had even begun, Defendant sought to modify its conditions. Specifically, Defendant moved to strike the special condition that prohibited him from accessing the internet. *See* D.E. 71, 1:05-CR-330 (E.D. Cal.). By order dated November 7, 2014, the Court denied Defendant's request to use the internet while on supervised release. *See* D.E. 72, 1:05-CR-330 (E.D. Cal.).

Defendant's supervised release began on March 29, 2016. Several months later jurisdiction over his supervision was transferred from the Eastern District of California to the Eastern District of Arkansas. *See* D.E. 1, 4:16-CR-155 (E.D. Ark.).[3]

On February 20, 2020, Defendant submitted a motion to terminate his supervised release. *See* D.E. 3. By order dated October 9, 2020, this Court denied his request, observing "the Court does not find evidence to show that circumstances have changed or that completion of Mr. Fritch's term of supervised release will present some unusual hardship." D.E. 12.

Sixteen months later, on March 7, 2022, Defendant again sought termination of supervised release. *See* D.E. 14. In pertinent part, Defendant now concedes "[n]ot a lot has changed." *Id.* at 4. He is a veteran, he is thirty-plus years sober, he pays his taxes, and he is a home owner. *Id.* at 4-5.

This is laudable. Apart from owning a home, though, none of this constitutes changed circumstances. Defendant was no less a veteran while sending and receiving child pornography.

---

[3] Citations going forward are to docket entries in the Eastern District of Arkansas.

2

Defendant was no less sober while sending and receiving child pornography. And Defendant was no less a taxpayer while sending and receiving child pornography.

When addressing the status of his then-pending first motion to terminate supervised release Defendant noted "[a]nybody in recovery for substance abuse will tell you that there is no cure[.]" D.E. 11 at 8. And so it is with "deep-seated sexual disorders[.]" *See* H.R. CONF. REP. NO. 108-66, at 49-20 (2003), *reprinted in* 2003 U.S.C.C.A.N. 683, 684. Understandably, then, Congress saw fit to require extended terms of supervised release up to and including *lifetime* supervision for this group of offenders. And, as Defendant himself concedes, policy statements otherwise favoring termination of supervised release specifically carve out sex offenders. *See* D.E. 14 at 5.

Upon acceptance of his guilty plea, the District Court in California saw fit to impose a fifteen-year term of supervised release. Later, the District Court in California saw fit to reject a request to alter the terms of release so as to permit to Defendant use the internet—the instrument of his crimes.

Similarly, although the Probation Office concedes Defendant has complied with the terms of supervised release, it nevertheless opposes termination.

Termination may be permitted where, upon consideration of factors at Section 3553(a), "such action is warranted by the conduct of the defendant and the interest of justice." *Id.* § 3583(e). "Mere compliance with the terms of probation does not justify early termination because compliance is expected. Without more, early termination cannot be justified." *United States v. Glover*, 4:12-CR-162 KGB, Dkt. No. 25 at 1 (E.D. Ark. July 29, 2014) (citing *United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003) (collecting cases)). So it goes here.

Compliance forms the crux of Defendant's motion. Neither undersigned counsel, nor the Probation Office, nor the Court dispute this factor. What is missing from the motion is a showing

that supervised release presents an undue hardship or that its termination would somehow serve the interests of justice.

Continued supervision consistent with the terms of the District Court's judgment provides punishment for the offense, promotes respect for the law, and deters criminal conduct that, here, would be but a few keystrokes away the instant the terms of Defendant's release were lifted.

WHEREFORE, the United States respectfully submits Defendant's motion for early termination should be denied.

>
> Respectfully submitted,
> JONATHAN D. ROSS
> United States Attorney
>
> ALEXANDER D. MORGAN (0390930)
> Assistant United States Attorney
> Post Office Box 1229
> Little Rock, Arkansas 72203
> (501) 340-2600
> alex.morgan@usdoj.gov